UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MICHAEL SPENCER, <br><br> Plaintiff, <br><br> v. <br><br> J. WYATT et al., <br><br> Defendants. | Case No. 2:20-cv-01364-JFW (MAA) <br><br> **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.     INTRODUCTION**

On February 11, 2020, Plaintiff Ryan Michael Spencer ("Plaintiff"), an inmate at the United States Penitentiary-Lompoc ("USP Lompoc"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) ("*Bivens*"). (Compl., ECF No. 1.) On February 13, 2020, the Court granted Plaintiff's Request to Proceed *In Forma Pauperis*. (IFP Order, ECF No. 4.)

The Court has screened the Complaint as prescribed by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, the Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** to, within sixty days after the date of this Order, either: (1) file a First Amended Complaint

("FAC"); or (2) advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a FAC.

II.  **SUMMARY OF ALLEGATIONS IN COMPLAINT**[1]

The Complaint is brought against the following employees of the Federal Bureau of Prisons ("BOP") in their official capacities: (1) J. Wyatt, Unit Manager for L-Unit at USP Lompoc; (2) S. Franco, Correctional Counsel for L-Unit at USP Lompoc; (3) J. Garcia, Correctional Counsel at USP Lompoc; (4) Felipe Martinez, Jr., Warden of the Federal Correctional Complex at Lompoc ("FCC Lompoc"); (5) S. Hellman, Special Investigative Supervisor ("SIS") Lieutenant and/or Tech at FCC Lompoc; (6) Maher, Acting Captain for FCC and USP Lompoc; (7) Grady, Associate Warden in Charge of Custody at FCC Lompoc; (8) Gonzales, Special Investigative Agent for FCC and USP Lompoc; (9) Robison, SIS Lieutenant and/or Tech at FCC Lompoc; (10) Catalina Rodriguez, Associate Warden currently over Programs, previously Custody, at FCC Lompoc; (11) A. Cruickshank, Senior Officer Specialist at USP Lompoc; (12) John Doe 1, SIS Investigator for TA Lom-19-0230 at USP Lompoc; and (13) John Doe 2, Captain who signed off on TA Lom-19-0230 at USP Lompoc (each, a "Defendant" and collectively, "Defendants"). (Compl. 3–7.)[2]

The Complaint contains the following allegations. Plaintiff alleges that when he arrived at USP Lompoc on September 5, 2019, he was told by several prison staff that he would not be safe to walk the yard as a sex offender. (*Id*. at 11.) Because of the heavy advisement of staff, Plaintiff accepted protective custody and went to the Special Housing Unit ("SHU"). (*Id*.) Plaintiff states that during his

---

[1] The Court does not make any findings of fact in providing this summary.

[2] Pinpoint citations of docketed documents are to page numbers generated by ECF.

2

time in SHU, multiple prison staff verbally confirmed that inmates at USP Lompoc have a policy of "checking paperwork (charges)" and assaulting sex offenders. (*Id*.)

Plaintiff alleges that SIS staff conducted a "threat assessment" and concluded that Plaintiff was an unverified protection case. (*Id*.) SIS staff allegedly informed Plaintiff that they would only verify a protection case if a specific inmate threatens or assaults Plaintiff, and then admits to the threat or assault to prison officials. (*Id*.) Plaintiff asserts that the SIS investigation report shows that Plaintiff was the only person questioned during the investigation. (*Id*.) Plaintiff alleges that "they" have ordered Plaintiff out into the USP yard four times, but he has refused. (*Id*.)

Specifically, Plaintiff alleges that on December 3, 2019, Defendant Cruickshank ordered Plaintiff out to the USP Lompoc yard from the SHU. (*Id*. at 8.) On December 4, 2019, Lieutenant G. Hass delivered an incident report charging Plaintiff with refusing to accept a program assignment. (*Id*.) On December 5, 2019, Defendant Garcia conducted a Unit Disciplinary Hearing for the write-up. (*Id*.) Plaintiff informed Defendant Garcia that he was not refusing to program, but was refusing to put his safety at risk on the medium yard, which has a policy of assaulting sex offenders. (*Id*.) Defendant Garcia allegedly responded: "that's an inmate policy, not a FBOP policy," and "we don't go by inmate policy." (*Id*.) Based upon the SIS threat assessment, Defendant Garcia found that the SIS report would be the "greater weight of evidence to support the charge" and found Plaintiff guilty of the write-up. (*Id*.) Plaintiff contends that he is being punished for protecting himself by placing himself in the SHU. (*Id*.)

Plaintiff alleges that on December 30, 2019, Defendant Cruickshank ordered Plaintiff out to the USP Lompoc yard from the SHU. (*Id*. at 9.) That same day, Lieutenant Espinoza delivered an incident report to Plaintiff charging him with refusing to accept a program assignment. (*Id*.) On December 31, 2019, Defendant Franco conducted the UDC Hearing with case manager Hildenbrand present. (*Id*.) Plaintiff informed Defendant Franco that he was not refusing to program, but rather

3

was refusing to place his safety at risk, and that he happily would walk a safe yard. (*Id*.) Defendant Franco found that "based on the results of the threat assessment recommendation [sic] inmate be returned to the general population," Plaintiff was guilty of the write-up. (*Id*.)

Plaintiff alleges that on January 13, 2020, Defendant Cruickshank again ordered Plaintiff out to the USP Lompoc yard from the SHU. (*Id*. at 10.) On January 14, 2020, Lieutenant Espinoza delivered an incident report to Plaintiff charging him with refusing to accept a program assignment. (*Id*.) When Defendant Garcia came to read Plaintiff his rights for the Disciplinary Hearing Officer ("DHO"), Plaintiff informed him that he was not refusing to program, but rather was refusing to put his safety at risk. (*Id*.) On January 29, 2020, Plaintiff went to the DHO and gave the DHO a signed statement from an inmate who was on the USP yard from September 5, 2019 until November 12, 2019, stating that the "Woods" (white gangs), "Homies" (Mexican gangs), and the "Blacks" (African American gangs) would assault sex offenders of their own race on the USP yard. (*Id*.) The DHO found Plaintiff guilty of the write-up, placing greater weight on the SIS investigation. (*Id*.)

Based on the foregoing, Plaintiff asserts four claims for violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id*. at 8–11.) Plaintiff seeks three forms of injunctive relief: (1) the BOP transfer Plaintiff to, and keep him on, a Sex Offender Management Program yard that is compatible with Plaintiff's custody score; (2) modification of BOP policy standards to explain in sufficient detail: (a) how a threat is supposed to be verified, (b) how a threat assessment is conducted, and (c) in what circumstances an inmate should be written up; and (3) certain classes of inmates, such as those who cooperated with the government, sex offenders, those who dropped out from a gang, and those who are members of the LGBTQ community should "be automatic [sic] verification of threat." (*Id*. at 12.)

## III. STANDARD OF REVIEW

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § Section 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)). To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "detailed factual allegations" are not required, "an unadorned, the-defendant-unlawfully-harmed-me accusation"; "labels and conclusions"; "naked assertion[s] devoid of further factual enhancement"; and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to defeat a motion to dismiss. *Id.* (quotations omitted). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122

(9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

In reviewing a Rule 12(b)(6) motion to dismiss, courts will accept factual allegations as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm*, 680 F.3d at 1121. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). However, the liberal pleading standard "applies only to a plaintiff's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 330 n.9 (1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915. Courts will not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003). In giving liberal interpretations to complaints, courts "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

**IV. DISCUSSION**

The Complaint, which solely seeks injunctive relief for alleged Eighth Amendment violations as to Defendants in their official capacities pursuant to *Bivens*, fails to state a claim pursuant to which relief may be granted for the following reasons.

<u>First</u>, a suit against a defendant in his or her individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law . . . . Official-capacity suits, in contrast, 'generally represent only

6

another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citations omitted) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166.

Here, the Complaint names all Defendants, who are alleged employees of the BOP, in their official capacities. (Compl. 3–7.) The claims against Defendants in their official capacities essentially are claims against the United States. *See Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016) ("An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States.").

The doctrine of sovereign immunity bars suits against the United States and its agencies, absent a waiver. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States has not waived its sovereign immunity for constitutional torts or actions brought pursuant to *Bivens*. *See, e.g., id.* at 476–78, 486; *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1984).

<u>Second</u>, *Bivens* claims may be asserted only against federal actors in their individual capacities. *See Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983) (per curiam). As the Complaint names only Defendants in their official capacities, there are no proper *Bivens* defendants.

<u>Third</u>, "[t]he only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." *See Ministerio Roca Solida*, 820 F.3d at 1093 (quoting *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)). "By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action." *Ministerio Roca Solida*, 820 F.3d at 1094.

<u>Fourth</u>, *Bivens* is a "unique, judicially-created" remedy, *id.* at 1091, that has been approved by the Supreme Court in only three instances. *See Bivens,* 403 U.S.

at 389 (Fourth Amendment for unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (Fifth Amendment Due Process clause for gender discrimination); *Carlson v. Green,* 446 U.S. 14, 19 (1980) (Eighth Amendment Cruel and Unusual Punishments clause for failure to provide adequate medical treatment). The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants." *See Ziglar v. Abbasi*, 582 U.S. ___, ___, 137 S. Ct. 1843, 1857 (2017). To determine whether a *Bivens* claim may proceed, a court asks (1) whether the claim arises in a new *Bivens* context, and (2) whether there are special factors counselling hesitation in expanding *Bivens* in the absence of affirmative action by Congress. *Id*.

Here, it is unclear whether Plaintiff's Eighth Amendment claims are for conditions of confinement, failure to protect, or another legal theory. In any event, Plaintiff's claims do not fall within any of the three approved *Bivens* contexts, and the Court likely would not extend *Bivens* to such claims. *See, e.g., Daniels v. Fed. Bureau of Prisons*, No. ED CV-19-719-FMO (PLA), 2019 U.S. Dist. LEXIS 136730, at *11–*12, 2019 WL 3802195, at *4 (C.D. Cal. Aug. 12, 2019) (declining to extend *Bivens* to Eighth Amendment failure to protect claim because plaintiff has alternative processes by which to pursue his claims).

V. **CONCLUSION**

For the reasons stated above, the Court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. Plaintiff may have another opportunity to amend and cure the deficiencies given his *pro se* status. Plaintiff is **ORDERED** to, within sixty days after the date of this Order, either: (1) file a First Amended Complaint ("FAC"), or (2) advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a FAC.

///

The FAC must cure the pleading defects discussed above and shall be complete in itself without reference to the FAC.  *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseding pleading.").  This means that Plaintiff must allege and plead any viable claims in the FAC again.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief."  **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**  In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims.  Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation.  Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a FAC, or timely advise the Court that Plaintiff does not intend to file a FAC, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a strike under 28 U.S.C. § 1915(g).  Instead, Plaintiff may request voluntary

///

dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a) using the attached Notice of Dismissal form.

Plaintiff is advised that this Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

**IT IS SO ORDERED.**

DATED: March 30, 2020

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

Attachments

Form Civil Rights Complaint (CV-66)

Form Notice of Dismissal